Writing:

E-filing

ORIGINAL FILED
JUN 2 3 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE MCLEAN, Esq., (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:   510/832-4787

5  Attorneys for Plaintiff
   MARGARET DOWLING

ADR

PJH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARGARET DOWLING,

    Plaintiff,

v.

TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and DOES 1-25, Inclusive,

    Defendants.
_____/

CASE NO. C06-03908
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955,** *et seq.***); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Plaintiff MARGARET DOWLING complains of Defendants TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:**     This case involves the denial of accessible restaurant facilities, including denial of accessible entrance, seating, and restroom facilities, to plaintiff Margaret Dowling and other disabled persons at the Tad's Steak House, located at 120 Powell St., San Francisco, California. Plaintiff Margaret Dowling is a "person with a disability" or "physically handicapped

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -1-     S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

1  person." Plaintiff requires the use of a wheelchair for locomotion and is unable to
2  use portions of public facilities which are not accessible to disabled persons who
3  require the use of a wheelchair. On December 12, 2005, plaintiff was denied her
4  rights to full and equal access at these facilities, and was denied her civil rights
5  under both California law and federal law, as hereinbelow described, because these
6  facilities were not, and are not now, properly accessible to physically disabled
7  persons who use wheelchairs. Plaintiff seeks injunctive relief to require defendants
8  to make these facilities accessible to disabled persons and to ensure that any
9  disabled person who attempts to use the facilities will be provided accessible
10 parking, accessible entry, accessible paths of travel, and accessible and usable
11 sanitary facilities. Plaintiff also seeks recovery of damages for her discriminatory
12 experience, and denial of access and of her civil rights, which denial is continuing
13 as a result of defendants' failure and refusal to provide disabled accessible
14 facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation
15 expenses and costs, according to statute.

16    2.    **JURISDICTION:** This Court has jurisdiction of this action pursuant
17 to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42
18 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes
19 of action arising from the same facts are also brought under California law,
20 including but not limited to violations of California Government Code §4450, *et.*
21 *seq.*; Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California
22 Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

23    3.    **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
24 and is founded on the fact that the real property which is the subject of this action is
25 located in this district and that plaintiff's causes of action arose in this district.

26    4.    **INTRADISTRICT:** This case should be assigned to the
27 Oakland/San Francisco intradistrict as the real property which is the subject of this
28 action is located in this intradistrict and plaintiff's causes of action arose in this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

intradistrict.

5. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and who requires use of a motorized wheelchair for locomotion. Defendants are the owners, operators, lessors, and lessees of the business, property, building and/or portions thereof located at 120 Powell St., San Francisco, California. This restaurant, Tad's Steak House (hereinafter also "Tad's" or "Restaurant") is a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 51, 54, *et seq.* Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.* Such alterations since July 1, 1982 also subjected the building to requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and DOES 1-25, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

# FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
**(California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Margaret Dowling and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the restaurant located at 120 Powell St., San Francisco, California. The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450*ff.*

11. **FACTUAL STATEMENT:** On or about December 12, 2005, plaintiff Margaret Dowling was a patron of Tad's Steak House, having dinner there with three friends. Plaintiff had some difficulty entering the Restaurant due to the lack of a level landing at the front door. After ordering and paying for her food, and beginning her meal, she required use of the women's restroom. Although plaintiff had patronized this restaurant in the past, she had not required restroom use on any past visit, and so was unaware of the configuration of the women's restroom. She had trouble even entering the women's restroom due to the configuration of the entrance landing and restroom outer door. As she struggled unsuccessfully to enter the restroom and found she was unable to pass through the restroom entrance vestibule, she suffered a humiliating urination accident. Embarrassed, she returned to sit with her friends, hoping they would not become aware of her bodily function accident, by sight or smell, hurried through her meal, and drove home to clean up and change her clothing, all to her physical injury and physical, mental and emotional damages.

12. Based on subsequent investigation by plaintiff's representatives, the men's restroom is also inaccessible and cannot be used by disabled women on an emergency basis or by disabled men. The men's restroom should also be made disabled accessible as part of this lawsuit. Alternatively, both restrooms could be

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -5-     S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

1 made unisex, single accommodation restrooms, and one could be made accessible.

2     13. This public facility is inaccessible to persons with disabilities in
3 multiple aspects, including but not limited to the following: entrance, interior paths
4 of travel, service counters, public restrooms, public dining areas, and rear
5 entrance/exit, all rendering these premises inaccessible to and unuseable by
6 physically disabled persons. All facilities must be brought into compliance with all
7 applicable federal and state code requirements.

8     14. Further, each and every violation of the Americans With Disabilities
9 Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
10 which are repled and incorporated herein, word for word, as if separately repled),
11 also constitutes a separate and distinct violation of California Civil Code §54(c),
12 thus independently justifying an award of damages and injunctive relief pursuant to
13 California law, including but not limited to Civil Code §§ 54.3 and 55.

14     15. Further, each and every violation of the Americans With Disabilities
15 Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
16 which are repled and incorporated herein, word for word, as if separately repled),
17 also constitutes a separate and distinct violation of California Civil Code §54.1(d),
18 thus independently justifying an award of damages and injunctive relief pursuant to
19 California law, including but not limited to Civil Code §§ 54.3 and 55.

20     16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
21 the acts and omissions of defendants as complained of herein which are continuing
22 on a day-to-day basis and which have the effect of wrongfully excluding plaintiff
23 and other members of the public who are physically disabled wheelchair users from
24 full and equal access to these public facilities. Such acts and omissions are the
25 cause of humiliation and mental and emotional suffering of plaintiff in that these
26 actions continue to treat plaintiff as an inferior and second class citizen and serve to
27 discriminate against her on the sole basis that she is a person with disabilities and
28 requires the use of a wheelchair for movement in public places. Plaintiff is unable,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-     S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public buildings and facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that she intends to return and patronize this restaurant, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

17. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law. Plaintiff further requests that the court award attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of her civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3, including damages for physical, mental and emotional injuries, statutory damages, and statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -7- S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

Wherefore plaintiff prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 19, above, and incorporates them herein by reference as if separately repled hereafter.

21. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

22. Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled.  California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

23.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

25.  Congress stated as its purpose in passing the Americans with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

26.     As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per §301(7)(B), which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."

27.     Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28.     Among the specific prohibitions against discrimination were included: <u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff.*

29. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA.

30. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of her disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

31.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title and has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

32.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

Wherefore plaintiff prays for relief as hereinafter stated:

## **PRAYER**

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -12-       S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

1  disabilities who use a wheelchair; and issue a preliminary and permanent injunction
2  directing defendants to provide facilities usable by plaintiff and similarly situated
3  persons with disabilities, and which provide full and equal access, as required by
4  law;

5      2.    Retain jurisdiction over the defendants until such time as the Court is
6  satisfied that defendants' unlawful policies, practices, acts and omissions, and
7  maintenance of inaccessible public facilities as complained of herein no longer
8  occur, and can not recur;

9      3.    Award to plaintiff all appropriate damages, including but not limited to
10  statutory damages, general damages and treble damages in an amount within the
11  jurisdiction of the Court, all according to proof;

12      4.    Award to plaintiff all reasonable statutory attorney fees, litigation
13  expenses, and costs of this proceeding as provided by law;

14      5.    Grant such other and further relief as this Court may deem just and
15  proper.

18  Dated: June 22, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*[signature]*

Attorneys for Plaintiff
MARGARET DOWLING

24  //
25  //
26  //
27  //
28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 22, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*[signature]*

Attorneys for Plaintiff
MARGARET DOWLING

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: June 22, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*[signature]*

Attorneys for Plaintiff
MARGARET DOWLING

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-   S:\SLR\TAD'S STEAKHOUSE\PLEADINGS\TAD'S STEAKHOUSE.CMP.wpd