PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001

Attorney for Plaintiff:
MARGARET DOWLING


ROBERT F. KANE, Esq. (SBN 71407)
LAW OFFICES OF ROBERT KANE
870 Market St., Suite 1128
San Francisco, CA 94102
Tel: (415) 982-1510

Attorneys for Defendant:
TAD'S INC. dba TAD'S STEAK HOUSE


JONATHAN SEIGEL, Esq. (SBN 168224)
EDWARD SINGER, Esq. (SBN 226406)
JOHN H. CROSSFIELD II, Esq. (SBN 218874)
Law Offices of Jonathan Seigel
2099 Market St.
San Francisco, CA 94114
Tel: (415) 252-4241

Attorneys for Defendant:
PERSONALITY HOTELS II, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET DOWLING,<br><br>    Plaintiff,<br><br>v.<br><br>TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C06-3908 PJH/ADR<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR         — 1 —

## CONSENT DECREE AND ORDER

1.  Plaintiff MARGARET DOWLING filed a Complaint in this action on June 23, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and DOES 1-25, Inclusive. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Tad's Steak House located at 120 Powell St., San Francisco, California, when plaintiff visited the subject facility on December 12, 2005.

2.  Defendants TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC. ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

### JURISDICTION:

3.  The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree, without admitting any liability, agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR            — 2 —

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6.  The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent and Order:

   a)  Remedial Measures: The injunctive relief agreed upon by the Parties is attached as **Attachment A** and **Attachment B** to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work and remove all barriers set forth in **Attachment A** and **Attachment B** except that Defendants may be required to make both bathrooms comply with Title 24 of the California Code of Regulations.

   b)  Timing of Injunctive Relief: Defendants will submit plans for all corrective work to the appropriate building department within 30 days of entry of this consent decree and order by the court, will commence work within 30 days of receiving approval from the building department, and will complete work within 30 days of commencement. For corrective work not requiring building permits, defendants shall complete the work within 30 days of the entry of this consent decree and order by the court. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel when the corrective work is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR         — 3 —

completed, and in any case will provide a status report no later than 120 days from the entry of this consent decree, and each 120 days thereafter until all work has been completed.

**ENTIRE CONSENT ORDER:**

7.  This Consent Order and Attachments A and B to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. This consent decree applies to plaintiff's claims for injunctive relief only.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8.  This Consent Order shall be binding on Plaintiff MARGARET DOWLING, Defendants, TAD'S INC. dba TAD'S STEAK HOUSE; PERSONALITY HOTELS II, INC.; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

9.  Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR        — 4 —

Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

10. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER**:

11. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order until the injunctive relief contemplated by this Order is completed. Within sixty (60) days after said work is completed, Plaintiff shall dismiss this action with prejudice.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR — 5 —

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ~~March~~ April 20, 2007

_____
Plaintiff MARGARET DOWLING

Dated: ~~March~~ April 12, 2007

_____
Defendant TAD'S INC. dba TAD'S STEAK HOUSE;

Dated: ~~March~~ April 17, 2007

_____
Defendant PERSONALITY HOTELS II, INC.

APPROVED AS TO FORM:

Dated: ~~March~~ April 20, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
MARGARET DOWLING

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3908 PJH/ADR                    — 6 —

| | | |
|---|---|---|
| 1 | Dated: ~~March~~ April __, 2007 | ROBERT F. KANE<br>LAW OFFICES OF ROBERT F. KANE |
| 2 | | |
| 3 | | _____<br>Attorneys for Defendants |
| 4 | | TAD'S INC. dba TAD'S STEAK HOUSE |
| 5 | Dated: ~~March~~ April 17, 2007 | JONATHAN SIEGEL |
| 6 | | EDWARD C. SINGER, JR.<br>JOHN H. CROSSFIELD II |
| 7 | | LAW OFFICES OF JONATHAN SIEGEL |

_____
Attorneys for Defendant
PERSONALITY HOTELS II, INC.

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: 5/7/07

**IT IS SO ORDERED**
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Attachment A to Consent Decree and Order**
**Margaret Dowling v. Tad's, Inc., et al.**
**CASE NO. C06-3908 PJH/ADR**
**Page 1 of 1**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief in this action. All corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to. Defendants agree to install and maintain the following accessible features:

1. <u>Entrance</u>: Defendants will mitigate the effects of the sloped landing outside the front entrance by installing a power door opener at the main entry door. Defendants will remove the trash can within the door landing and keep the landing free of obstructions. Defendants will ensure that the paddle for the automatic door opener is not within the swing of the door.

2. <u>Restrooms</u>: Defendants will renovate the existing men's room to provide an accessible unisex single-user accommodation according to the drawing provided by plaintiff's consultant Karl Danz, filed herewith as Attachment B, or according to their own plan which provides equivalent or greater access. The existing women's room will remain unchanged except that it will be designated a single-user unisex inaccessible accommodation.

3. <u>Service and Food Counters</u>: Defendants will lower the portion of the counter with the cash register. The lowered portion of counter will be at least 36" wide and no more than 34" above the finished floor. Adjacent to the cash register, defendants will provide a separate lowered table containing all condiments, utensils, and other service items provided to the general public.

4. <u>Dining Tables</u>: Defendants will provide at least two accessible tables which provide knee space of 27" high, 19" deep, and 30" wide. These tables will be designated accessible with signage which contains the International Symbol of Accessibility (ISA) and which indicates that the table is priority disabled seating.

5. <u>Stairway to Second Floor</u>: Defendants will correct access deficiencies on the stairway by installing code-compliant handrails and color contrast striping.

Attachment B to Consent Decree and Order, Dowling v. Tad's Inc., Case No. C06-3908 PJH

Tad's Steak House
120 Powell Street
San Francisco, CA  94102

Unisex Restroom Proposed

Kitchen